RAFAEL P. MUÑIZ, Plaintiff and Appellant, *v.* DOLORES B. WIDOW OF SUÁREZ ET AL., Defendants and Appellees.

No. 7371. Argued December 14, 1937.—Decided January 28, 1938.

Dubón & Ochoteco for appellant.  Besosa & Besosa for appellee Dolores B. widow of Suárez.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a proceeding (*tercería*) for the trial of the right to certain rents produced by a house located at No. 19 on the Caleta de San Juan in this city, decided against the claimant, who has appealed. He assigns the commission of only one error which, in his opinion, was committed by the court in deciding that he did not have a preferential right to such rents.

■ There is no controversy as to the facts. It appears from the record that Asunción M. widow of Vidal, as the holder of a usufructuary right upon the house at No. 19, Caleta de San Juan, mortgaged said right to the claimant, Rafael P. Muñiz, in order to secure a loan outstanding in his favor an executed on July 10, 1934, the deed establishing the lien which was recorded in the registry of property on the following September 12. Five days afterward, to wit, on September 17, 1934, the defendant, Dolores B. widow of Suárez, in a suit to recover $4,777, interest and costs, against Asunción M. widow of Vidal, that is, against the owner of the mortgaged usufruct, moved for and obtained an attachment against the rents which said house should produce.

On May 1, 1935, when the present claimant filed suit to collect his mortgage credit and when the defendant widow of Suárez had already obtained a favorable judgment in her action against the widow of Vidal, the marshal had in his possession, by virtue of the attachment mentioned, the sum of $290.45 produced by the rents from the house in question which had become due and collected after the execution of the mortgage.

The parties agree up to this point. Where they disagree is on the prior right which each claims to the said amount of $290.45, in *custodia legis* at the time this proceeding was instituted and now in possession of the claimant by virtue of the bond which he furnished for that purpose.

The claimant bases his contention on the ground that the attachment was levied after his mortgage deed had been executed and recorded, and on Sections 110 and 111 of the Mortgage Law which in their pertinent part provide as follows (italics ours):

"Article 110. A mortgage extends to natural accessions, improvements, pending fruits *and rents not collected at the time of the maturity of the obligation*. . . .

"Article 111. In accordance with the provisions of the preceding article, the following shall be considered to have been mortgaged jointly with the estate, even though not mentioned in the contract provided they belong to the owner thereof:

"1.     .     .     .     .     .     .     .     .     .

"2.     .     .     .     .     .     ..     .     .

"3.     .     .     .     .     .     .     .     .     .

"4. *Due and unpaid rents,* whatever be the cause of their not having been collected, and those payable until the creditor shall have recovered his full claim.

"5.     .     .     .     .     .     .     .     .     ."

We entirely agree with the trial court, when it says in its opinion:

"The legal precept is so final that in our opinion, its mere recital is sufficient to clearly disclose the right of the defendant in the intervention proceedings to apply the rents attached by her to the satisfaction of her judgment. The preference established by the Mortgage Law only extends to the rents *due and unpaid* at the time of the maturity of the mortgage credit. Assuming that the mortgage obligation should have matured on May 1, 1935, the date on which the complaint for its collection was filed, inasmuch as that fact does not appear from the complaint, even then it so happens that on that date the rents involved in the intervention proceedings were rents *due and paid* by the tenants, not to the lessee (*sic*) because the Court prevented it, but to the Court itself through its executive officer, the marshal.

"We must not lose sight of the fact that the mortgage creditor, by the mere constitution of the mortgage on the usufruct, did not become the owner of the rents. He only acquired some security in case the debt should not be paid, and until the mortgage should be foreclosed and the usufruct adjudicated to him in payment of his credit, he would not acquire title to the usufruct and even less to the rents. When the claimant's action was instituted the usufruct had not been adjudicated to him and therefore his preference (lien) was limited to the rents *due and unpaid* and those payable in the future."

We have nothing to add. The arguments set forth in the brief of the appellant in opposition to the viewpoint main-

tained by the trial court do not convince us that such viewpoint is erroneous; on the contrary, after appellant's opposition the opinion of the court seems stronger to us.

On December 7, 1937, the appellant filed a supplemental brief, assigning as a second error the imposition of costs against him by the court.

On December 14, the date set for the hearing of the appeal, the appellees filed a writing in which they objected to the consideration of said brief inasmuch as the same had been filed out of term and without permission from this court, especially in view of the fact that upon a stipulation of the attorneys for both parties, filed on December 6, the case had been submitted on the briefs and said attorneys had not appeared at the hearing in accordance with stipulation.

The appellees are right. Their consent, as well as the permission of this court, should have been requested for the filing of the supplemental brief. Nevertheless, we have read it lest it contained some substantial matter, in which case we would have given the adverse party another opportunity to be heard, but in reality it contains none.

The fact that there are no decisions on the point involved and that therefore the question is a novel one submitted for determination to the courts of justice, does not necessarily imply a lack of obstinacy.

Apparently, there is no jurisprudence. None was cited by the parties nor by the trial court in its opinion. But there is the statute, which the trial court and ourselves have considered so clear that its application to the facts of this case is sufficient to decide it without difficulty.

The appeal should be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.